UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICE OF JONATHAN B. JORDAN, JONATHAN B. JORDAN, DANIEL A. VESPI,<br><br>Defendant. | Case No.: 13cv2135-CAB-MDD<br><br>**ORDER DENYING MOTION TO STOP PAYING FILING FEE [Doc. No. 18]** |

On March 19, 2014, this Court granted Plaintiff's motion to proceed in forma pauperis and dismissed the amended complaint for failing to state a claim. [Doc. No. 15.] Judgment was entered accordingly. [Doc. No. 16.]

Four years later, on March 21, 2018, Plaintiff filed a document entitled "Petition for Writ of Error Coram Nobis Relief from Judgment," which appears to be a request to direct prison officials at the California Men's Colony East, where Plaintiff remains incarcerated, to stop collecting the $350 civil filing fee required by 28. U.S.C. §1914(a). [Doc. No. 18 at 2.] Plaintiff argues that the fee should be "waived or suspended in the interest of justice" because he feels it is unfair that the money he makes at his job in the prison should be applied toward the filing fee. *Id.* at 2-4.

When Plaintiff was granted leave to proceed IFP, he was notified that because he is a prisoner, he would "remain[] obligated to pay the entire [filing] fee in installments, regardless of whether his action [wa]s ultimately dismissed." *See* March 19, 2014 Order [Doc. No. 15] at 2 (citing 28 U.S.C. §1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)).

Moreover, 28 U.S.C. § 1915(b)(1) is clear as to Plaintiff's filing fee obligations. The statute clearly provides:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>  (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6—monthly period immediately proceeding the filing of the complaint or notice of appeal.

*Id.* (emphasis added).

Subsection (b)(2) further requires that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

While "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action," *id.* § 1915(b)(3), and "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," *id.* § 1915(b)(4); *see Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure

to pay . . . due to the lack of funds available."), nothing in Title 28 section 1915 provides any further authority or mechanism by which the Court may waive the full payment of the filing fee as required by § 1915(b)(1), or return any portion of the filing fee he has already paid, after his civil action has been dismissed. *See Adams v. Maricopa County Sheriff's Office*, 2010 WL 4269528 at *1-2 (D. Ariz. 2010) (denying prisoner's motion to stop withdrawal of monies from his trust account pursuant to 28 U.S.C. § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

Finally, in *Taylor*, the Ninth Circuit found that because § 1915(b)'s filing fee requirements are "rationally related" to Congress's legitimate interest in "deterring meritless prisoner filings in the federal courts," the statute does not violate a prisoner's right to meaningful access to the courts or his right to equal protection under the law. *Taylor*, 281 F.3d at 848-50.

## CONCLUSION

Plaintiff's belief that assessing the filing fee against him is "unfair" is insufficient to waive the clear mandate of § 1915(b)'s filing fee requirements. Therefore, the motion to stop the collection of the filing fees is **DENIED.**

Dated: March 23, 2018

Hon. Cathy Ann Bencivengo
United States District Judge